IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-01649-WJM-BNB

LONNIE DAVID CASE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the following motions filed by the plaintiff:

(1) **Plaintiff Request for Preliminary Injunction Under Rule 56(a) and (b)** [Doc. #5, filed 06/12/2014]; and

(2) **Plaintiff Request for Preliminary Injunction Under Rule 56(a) and (b)** [Doc. #10, filed 07/03/2014].[1]

The plaintiff seeks an order directing the Federal Bureau of Prisons to provide him with surgery for his right eye. Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed

---

[1]The motions are identical.

injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.  Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief must be clear and unequivocal.  Penn, 528 F.2d at 1185.

The following kinds of preliminary injunctions are disfavored:  (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits.  SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991).  "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004).  The plaintiff seeks both a mandatory injunction and an injunction that would disturb the status quo.[2]  Therefore, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms."  Id. at 976.

The plaintiff does not discuss any of the Lundgrin factors.  Consequently, he has not sustained his heavy burden to establish clearly and unequivocally his right to injunctive relief.

---

[2]Mandatory injunctions "affirmatively require the nonmovant to act in a particular way."  SCFC, 936 F.2d  at 1099.  Injunctions that disturb the status quo alter the parties existing relationship.  Id. at 1100.  "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights."  Id. (emphasis in original).

I respectfully RECOMMEND that the Motions [Docs. ## 5 and 10] be DENIED.[3]

Dated November 6, 2014.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).