IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 14-cv-1649-WJM-BNB

LONNIE DAVID CASE,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

## ORDER ADOPTING RECOMMENDATION AND DENYING MOTIONS FOR PRELIMINARY INJUNCTION

    This matter is before the Court on Magistrate Judge Boyd N. Boland's November 6, 2014 Recommendation (ECF No. 26) that two Motions for Preliminary Injunction[1] filed by Plaintiff Lonnie David Case (ECF Nos. 5 & 10) be denied. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 26 at 3 n.3.) On November 21, 2014, Plaintiff filed a letter addressed to Magistrate Judge Boland stating that he was "formally objecting" to the findings in the Recommendation, but providing no explanation of what his objections were. (ECF No. 27.) In addition to "formally objecting" to the Recommendation, Plaintiff's Letter

---

[1] The Motions were filed approximately three weeks apart but are identical in form and substance. (*See* ECF Nos. 5 & 10.)

requests additional time to file more specific objections to the Recommendation due to "some issues" at U.S.P. Florence that have made it difficult for Plaintiff to access some of the facilities. (ECF No. 27 at 1.) Plaintiff does not describe the difficulties or issue at the prison, and does not explain which facilities are unavailable to him. Plaintiff also gives no hint as to what sort of more specific objections he would raise if given additional time. (*Id*.) The Court notes that more than a month has passed since Plaintiff's letter was filed, and he is yet to supplement his objection.

As Plaintiff's letter does not contain any specific objection to any of the findings or conclusions in the Recommendation, the Court finds that *de novo* review is not required.[2] *Compare* Fed. R. Civ. P. 72(b)(3) (requiring that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."), *with Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (in the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."). While the Court is sympathetic to Plaintiff's inability to access certain facilities at the prison, it has reviewed the substance of Plaintiff's Motions finds that, even if the Court allowed Plaintiff additional time to file objections, there is nothing that he could include that would entitle him to the relief he seeks. As the Magistrate Judge found in his Recommendation, Plaintiff's Motions fall far short of meeting the standard for a mandatory injunction.

---

[2] The Court also finds that, if it were to employ *de novo* review, the outcome would be the same. Plaintiff has plainly not shown an entitlement to mandatory injunctive relief in this case.

The Court has reviewed the Recommendation and concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers*, 927 F.2d at 1167.

Accordingly, the Court ORDERS as follows:

1. The Magistrate Judge's November 6, 2014 Recommendation (ECF No. 26) is ADOPTED in its entirety;

2. Plaintiff's Objection (ECF No. 27) is OVERRULED;

3. Plaintiff's June 12, 2014 Request for Preliminary Injunction under Rule 56(a) and (b) (ECF No. 5) is DENIED;

4. Plaintiff's July 3, 2014 Request for Preliminary Injunction under Rule 56(a) and (b) (ECF No. 10) is DENIED.

Dated this 31st day of December, 2014.

BY THE COURT:

William J. Martinez
United States District Judge