IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-01649-WJM-BNB

LONNIE DAVID CASE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the defendant's **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)** [Doc. #23, filed 09/29/2014] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Florence, Colorado. He filed his initial Prisoner Complaint on June 12, 2014 [Doc. #1] (the "Initial Complaint"), and his Amended Prisoner Complaint on July 3, 2014 [Doc. #12] (the "Amended Complaint"). The Amended Complaint contains the following allegations:

1. In 2007, while incarcerated at USP-Pollock, the plaintiff was in an altercation that resulted in damage to his right eye lens. The lens was removed at the hospital in Pollock. The BOP medical staff at USP-Pollock informed the plaintiff that his lens would be replaced. The

plaintiff was transferred to USP-Coleman before the surgery was performed. The plaintiff

subsequently was transferred to several other prisons. *Amended Complaint*, p. 3.[1]

2. Since the plaintiff's injury and loss of his right eye lens, he has had failing eye sight

in the right eye, pain, itchiness, dryness, and headaches on a daily basis. Id. at p. 4.

3. The BOP Medical Review Committee approved the plaintiff's corrective eye surgery

on February 5, 2009, and September 15, 2010. Id. at p. 5. The plaintiff did not receive the

surgery. The BOP breached its duty of care by failing to provide the plaintiff with adequate

medical treatment for his eye. Id. at p. 5.

The plaintiff asserts five claims against the defendant. Claims One, Two, Three, and

Five assert that the defendant breached its duty of care to the plaintiff by not providing him with

the surgery. Claim Four asserts that the defendant's failure to provide him with the surgery has

caused intentional infliction of emotional distress. All claims are brought pursuant to the Federal

Tort Claims Act ("FTCA").[2] The plaintiff seeks injunctive relief and compensatory damages in

the amount of $120,000.00. *Complaint*, p. 11.

The defendant asserts that the court lacks subject matter jurisdiction over the plaintiff's

FTCA claims because the plaintiff failed to timely exhaust his administrative remedies. The

standard of review for a motion to dismiss for lack of subject matter jurisdiction under

Fed.R.Civ.P. 12(b)(1) is described as follows:

---

[1]The Amended Complaint is not consecutively paginated. Therefore, I refer to the page numbers of the Amended Complaint as they are assigned by the court's docketing system.

[2]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

The defendant is asserting a factual challenge to the court's subject matter jurisdiction. Therefore, I do not presume the truthfulness of the Amended Complaint's factual allegations, and I may consider affidavits and other documents to resolve disputed jurisdictional facts. Holt, 46 F.3d at 1003. In addition, determination of the notice issue does not touch on the merits of the case. See Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir. 1992) (holding that the question of whether notice was properly given under the Federal Tort Claims Act is properly handled under Fed. R. Civ. P. 12(b)(1) rather than as summary judgment under Fed. R. Civ. P. 56). Therefore, I analyze this issue under the standards applicable to Rule12(b)(1) rather than

3

the Rule 56 summary judgment standards.  Pringle v. United States, 208 F.3d 1220, 1222 (10th

Cir. 2000).

It is well-settled that "the United States, as sovereign, is immune from suit save as it

consents to be sued . . . and the terms of its consent to be sued in any court define that court's

jurisdiction to entertain the suit."  Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (internal

quotations and citations omitted).  The FTCA provides a limited waiver of the sovereign

immunity for certain torts.  See 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680.

In order to maintain a claim under the FTCA, a plaintiff must comply with several strictly

construed prerequisites to suit.  See United States v. Kubrick, 444 U.S. 111, 117-18 (1979)

(stating that "the [FTCA] waives the immunity of the United States and that in construing the

statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to

extend the waiver beyond that which Congress intended").  Tort claims against the United States

must be "presented in writing to the appropriate Federal agency within two years after such

claim accrues" or the claim "shall be forever barred."  28 U.S.C. § 2401(b).  A medical

malpractice claim pursuant to the FTCA accrues when the plaintiff knows or through the

exercise of due diligence should have known of the existence and cause of the injury.  United

States v. Kubrick, 444 U.S. 111, 123 (1979); Bradley v. United States, 951 F.2d 268, 270 (10th

Cir. 1991).  "Exhaustion of administrative claims is a jurisdictional prerequisite to asserting

claims under the FTCA."  Pipkin v. United States Postal Service, 951 F.2d 272, 273 (10th Cir.

1991).  The plaintiff has the burden to prove jurisdiction in the face of a challenge under Rule

12(b)(1), Fed. R. Civ. P.  Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

The plaintiff filed two separate administrative claims for his damages.  Both claims are dated May 7, 2013, and they are substantively identical.  *Motion*, Attachment pp. 1-2, 28-29. The plaintiff complained that he had been "denied treatment for the sight in [his] right eye for 6 years."  Id. at pp. 1, 28.  He stated that during his "last clinical encounter documented at USP-Lewisburg" on December 17, 2010, "Dr. Lee told [him] that 'lens replacement is an elective procedure' and that is was 'unlikely' that [he] would get treatment to return the sight to [his] right eye."  Id. at pp. 4, 28.  He further stated that "due to the continuing negligence of BOP staff, I have been blind in my right eye for six (6) years despite restorative treatment being available and prescribed by various health care professionals."  Id. at pp. 6-7, 33.  See also *Administrative Claim Exhibit* [Doc. #12-2].

The plaintiff claims that the defendant breached its duty of care resulting in physical injury and emotional distress when it failed to provide eye surgery.  Those claims accrued when the plaintiff discovered that the defendant would not provide the surgery, which the plaintiff states in his administrative claims occurred on December 17, 2010, when Dr. Lee told him it was unlikely that he would receive the surgery.  The plaintiff also stated he has been blind in his right eye for six years due to the BOP's negligence.  By the plaintiff's own admission, he knew of the existence and cause of his injury more than two years before he filed his administrative claims in 2013.

The Complaint does not allege facts demonstrating that the plaintiff timely exhausted his administrative remedies, and the plaintiff did not respond to the defendant's Motion.  Therefore, the plaintiff has failed to meet his burden to demonstrate that he timely exhausted his

administrative remedies regarding the claims; the Motion should be granted; and the Amended

Complaint should be dismissed.

       I respectfully RECOMMEND that the Motion [Docs. #23] be GRANTED.[3]

       Dated February 2, 2015.

<div style="margin-left: 40%;">

BY THE COURT:

 s/ Boyd N. Boland        
United States Magistrate Judge

</div>

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).